UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-324-1F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| DOUGLAS THOMAS ROBERTS, II, ) | |
| Defendant.   ) | |

This matter is before the court on the Motion for Transcripts [DE-47] filed by Defendant Douglas Thomas Roberts, II ("Defendant"). On March 1, 2010, Defendant pleaded guilty to conspiracy to commit robbery in the special maritime and territorial jurisdiction, in violation of 18 U.S.C. §371 and robbery in the special maritime and territorial jurisdiction and aiding and abetting, in violation of 18 U.S.C. § 2111 and 2. On June 11, 2010, the court sentenced Defendant to a total of one hundred forty seven (147) months imprisonment. On March 5, 2012, Defendant filed this instant request for transcripts. In the motion, Defendant fails to provide any explanation as to why he needs the transcripts, but explains that he is unable to pay for the costs associated with the production of such documents.

Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money

appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30 (1976).

Here, Defendant fails to show a "particularized need" for the production of transcripts. In fact, as noted above, Defendant provides no explanation as to the need for such documents. Therefore, Defendant's Motion for Transcripts [DE-47] is **DENIED**.

SO ORDERED.

This the 6th day of March, 2012.

JAMES C. FOX  
Senior United States District Judge